Murray v. Arthur.

---

## D. C. Murray, Doing Business as D. C. Murray & Co., v. Nancy L. Arthur, George Schmid and Robert Lobb.

1. PRACTICE—*When it is Error to Take a Case from the Jury.*—In an action of trespass on the case against several defendants for an injury, where the proofs demonstrate that some one or all of them are responsible, it is error for the court to take the case from the jury.

2. BUILDING CONTRACTS—*Liability of the Owner and Independent Contractors.*—Where the plans for the improvement of a building are such that their execution will not necessarily create an injury the owner will not be liable; but if an injury is caused by the negligence of an independent contractor, he alone is liable.

3. SAME—*Where the Owner and Independent Contractor are Both Liable.*—Under a building contract, where the performance of the work as planned in and of itself will tend to create injury to third persons, both the owner and contractor are liable.

4. CONTRACTORS—*When Liable with the Owner Under Building Contracts.*—An owner of a building has no right to contract for the making of improvements upon it which will necessarily create an injury to another, and the contract is no justification to the contractor in a suit by a party who has sustained damages in consequence of its performance. It is as much the duty of the contractor to refrain from executing the contract to the injury of a third person as it was the duty of the owner to have refrained from making it. Under such circumstances, both parties to the contract are responsible to the party injured.

Trespass on the Case, for damages by water. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed November 15, 1901.

REEVES & BOYS, attorneys for appellant.

McDougall & Chapman, attorneys for Nancy L. Arthur, appellee.

H. N. Ryon & Son, attorneys for George Schmid, appellee.

Mr. Justice Brown delivered the opinion of the court.

D. C. Murray, the appellant, was a tenant in the lawful and exclusive possession of the premises known as 309 and 311 East Main street in the city of Streator. He used the building for a store. Immediately adjoining the Murray store at 307 East Main street is a store building owned by Mrs. Nancy L. Arthur, one of. the appellees. There was a party wall between the buildings only eight inches thick.

Mrs. Arthur decided to improve her premises by extending the building in the rear, and entered into a contract with George Schmid, another appellee, to do the work and furnish the material according to plans and specifications. He sublet the brick-work to Robert Lobb, also an appellee. After the work was begun it was discovered that the party wall was too thin to support the building. Mrs. Arthur then contracted with Lobb to build an additional four-inch wall against the party wall and to tie them together. When the additional wall was brought to the height of the original party wall Lobb's contract with Mrs. Arthur was completed. The raising of the entire wall higher devolved upon Schmid, under his contract with Mrs. Arthur.

In carrying up the wall and building a chimney the tar and paper roof on the Murray building was torn up and rolled back two feet or more. A heavy rain fell at night. The water came down into Murray's store and injured his goods. To recover damages for the injury he brought this suit against Mrs. Arthur, Schmid and Lobb. The defendants were all served with process. Mrs. Arthur and Schmid pleaded not guilty. Lobb filed no plea and was not defaulted.

The case was tried with a jury as to all of the defendants. At the close of all the evidence the court instructed the jury to find all of the defendants not guilty, and after deny-

ing a motion for a new trial entered judgment against the plaintiff for costs.

The court erred in taking the case from the jury. The proofs demonstrated that some or all of the defendants are responsible for the injury. No one pretends that the plaintiff is not entitled to recover, but each defendant sought to show that the cause of action was one for which some other defendant was responsible.

If the injury was caused by tearing up the roof on the Murray building and letting the water descend by reason thereof, then there is evidence upon which a jury might find that either Schmid or Lobb was guilty, possibly both. It is also contended that under the contract between Mrs. Arthur and Schmid, Mrs. Arthur was to determine the kind of material to be used and that she insisted, over Schmid's objection, upon using a certain kind of brick for the construction of the chimney; that the brick selected were so hard that they prevented the mortar from setting and hardening and that the rain for that reason washed the mortar out and entered and descended through the chimney wall into the store. There is testimony tending to show such a state of facts, and if true, it is difficult to see how Mrs. Arthur and Schmid could escape liability.

Where plans are such that their execution will not necessarily create injury the owner would not be liable. If the injury is caused by the negligence of an independent contractor he alone is liable. If, however, the performance of the work as planned in and of itself would create injury, then the owner also is liable. The owner has no right to contract for the doing of that which will necessarily create injury to another, and the contract is no justification to the contractor in a suit by an injured party who has sustained damages in consequence of the performance of the contract. It was as much his duty to refrain from executing it to the injury of a third party as it was the duty of the owner to have refrained from making it. Under such circumstances both parties to the contract could be held liable to the party damaged.

There is also a provision of the contract between Mrs. Arthur and Schmid which made it the duty of the latter to protect the brick-work against rain during the period of construction.   If that provision was adequate to have prevented this injury, and the damages arose from Schmid's failure to perform his contract, then Mrs. Arthur would be exonerated and Schmid would be liable.   In no view would the proof permit the exoneration of all the defendants. Which were liable, or whether all were liable, was a question for the jury under proper instructions.

Before the case is tried again Lobb should be required to plead or be defaulted.   For the error in directing a verdict in favor of all the defendants the judgment of the Circuit Court will be reversed and the cause remanded.